1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angela Carolina ROJAS DE JOVEL; Alberto Gervacio AVILEZ; Samuel HERNANDEZ MARTINEZ; Jose Eli PAC MONZON; Jose Alfredo RENTERIA MARTINEZ; Miguel FELIPE RAMIREZ; Gilverto VARGAS CASTILLO; Ramiro Santiago PACHECO MARTINEZ; Vidal VASQUEZ SANCHEZ; Diego CARDENAS RAMIREZ; Melvin Geovany RAMOS ACOSTA;<br><br>    Petitioners,<br><br>    v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security; Todd LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Pam BONDI, Attorney General of the United States; Jaime RIOS, Director, Los Angeles ICE Field Office; and Fereti SEMAIA, Warden, Adelanto ICE Processing Center.<br><br>    Respondents. | Case No. ED CV 26-00319-VBF<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

This matter has come before this Court on Petitioners' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. The Court has carefully considered all the filings, the arguments of counsel, and the record in this case.

Petitioners are entitled to a temporary restraining order if they establish that they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Absent a showing of likelihood of success on the merits, the Court may still grant a temporary restraining order if Petitioners raise "serious questions" as to the merits of their claims, the balance of hardships tips "sharply" in their favor, and the remaining equitable factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). Further, under the Administrative Procedure Act, to prevent irreparable injury, the Court may issue "all necessary and appropriate process . . . to preserve status or rights pending" these proceedings. 5 U.S.C. § 705.

Upon consideration of Petitioners' Application for Temporary Restraining Order, and finding sufficient cause, the application is **GRANTED**, and **IT IS FURTHER ORDERED** that:

1. Respondents are ordered to provide a bond redetermination hearing before an immigration judge withing seven days of this Order.

2. This Order shall be in effect until further order of the Court.

3. As this Order should not result in any financial damage to Respondents, Petitioner shall not be required to give security. Fed. R. Civ. P. 65(c).

**No later than 12:00 noon on Tuesday, February 10, 2026, the respondents MAY SHOW CAUSE, IN WRITING, why a preliminary injunction should not issue consistent with the terms of this TRO.**

**Petitioner MAY FILE A REPLY BRIEF no later than 11:59 p.m. on Thursday, February 12, 2026.**

IT IS SO ORDERED.

Date: February 6, 2026

*Valerie Baker Fairbank*

The Hon. Valerie Baker Fairbank
Senior United States District Judge